IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTY HILES, et al.
    Plaintiffs,

v.

INOVERIS, LLC, et al.
    Defendants.

Case No. 2:09-cv-53

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE NORAH MCCANN KING

## ORDER

Suing on behalf of themselves and other similarly situated employees, Plaintiffs Vickie Peebles and Faye Emmond[1] bring a claim under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act" or the "Act") against Defendants ComVest Investment Partners, LLC and ComVest Investment Partners II, LLC (collectively, "ComVest") and Defendant Inoveris, LLC ("Inoveris"). This matter is before the Court on a motion to dismiss filed by ComVest. (Document 17.) For the reasons that follow, that motion is **DENIED**.

### I. Background

Plaintiffs allege that they were employed by Defendants until January 2009, when Defendants effected a layoff resulting in the termination of Plaintiffs' employment. The WARN Act generally requires an "employer," defined to include any business with a minimum number of employees, to provide 60 days of advance notice to its employees before ordering a "mass layoff" as defined in the Act. 29 U.S.C. § 2102(a). Plaintiffs allege that all of the named defendants constitute a single employer under the WARN Act, violated the Act by failing to provide Plaintiffs with advance notice of termination, and are jointly liable for that violation.

---

[1] Christy Hiles was a named plaintiff in the original complaint filed on January 20, 2009; however, she was not named in the Amended Complaint filed on May 19, 2009.

Specifically, Plaintiffs allege that Defendants constitute a single employer which maintained and operated a facility in Dublin, Ohio (the "Facility") at which Defendants employed approximately 280 persons including Plaintiffs. (Compl. ¶¶ 8–10.) Plaintiffs make the following allegations to support their assertion that Defendants constituted a single employer:

- A. On information and belief, Defendants shared common officers and directors;
- B. On information and belief, Defendant Inoveris was a wholly owned subsidiary of [ComVest];
- C. On information and belief, Defendant Inoveris and [ComVest] directly owned and operated the Facility; [and]
- D. On information and belief, Defendants jointly made the labor decisions concerning Plaintiffs' employment, including the decision to terminate their employment.

(Compl. ¶ 11.) Plaintiffs further allege that on or about January 7, 2009, Defendants, as a single employer, "ordered and carried out a mass layoff" under the WARN Act, resulting in the termination without cause of the employment of approximately 100 employees, including Plaintiffs, who worked at or reported to the Facility. (Compl. ¶ 12–13.) Plaintiffs allege that they did not receive written notice at least 60 days in advance of the termination of their employment, as Plaintiffs assert was required by the WARN Act. (Comp. ¶ 20.)

ComVest asserts that Plaintiffs were employed by Inoveris, not ComVest, and that Plaintiffs failed to plead sufficient specific facts showing that Inoveris and ComVest constitute a single employer for the purpose of liability under the Act. The only issue raised by ComVest's motion is whether Defendants constitute a single employer.

## II. Analysis

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### B.    "Single Employer" Status Under the WARN Act

For the purpose of liability under the WARN Act, a parent company and its wholly or partially owned subsidiary are treated as a single employer "depending upon the degree of [the subsidiary's] independence from the parent." 20 C.F.R. § 639.3(a)(2). "Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id.*; *see also Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 786 n.2, 787 (S.D. Oh. March 17, 2003) (noting that 20 C.F.R. 639.3 provides "factors for courts to consider in determining whether corporate parents and subsidiaries can both be deemed an 'employer' for purposes of the WARN Act"); *United Auto., Aerospace & Agric. Implement Workers of Am. Local 157 v. OEM/Erie Westland, LLC*, 203 F. Supp. 2d 825 (E.D. Mich. May 8, 2002) (denying summary judgment where a

3

question of fact existed as to factors under § 639.3); *Wallace v. Detroit Coke Corp.*, 818 F. Supp. 192 (E.D. Mich. April 7, 1993) (same).

Plaintiffs allege that, "[o]n information and belief, Defendant Inoveris was a wholly owned subsidiary of [ComVest]"—a factual allegation directly relevant to the first factor, common ownership. (Compl. ¶ 11.) Plaintiffs also alleged general facts pertinent to the second factor, alleging that, "[o]n information and belief, Defendants shared common officers and directors." (*Id.*) Relevant to the fourth factor, unity of personnel policies emanating from a common source, and possibly the third factor, de facto exercise of control, Plaintiffs alleged that, "[o]n information and belief, Defendants jointly made the labor decisions concerning Plaintiffs' employment, including the decision to terminate their employment." (*Id.*) As for the fifth factor, dependency of operations, Plaintiffs alleged that, [o]n information and belief, Defendant Inoveris and [ComVest] directly owned and operated the Facility." (*Id.*)

Defendants suggest that Plaintiffs are required to plead specific facts pertaining to each of the five regulatory factors and contend that Plaintiffs simply recite "the elements for proving 'single employer' liability." (Defs.' Mem. 2.) The factors are not independent requirements, however, but are merely factors to be considered. As for the required level of specificity, this Court has held that "the question of whether [a parent company] exercised a degree of control over [its subsidiary] justifying [a] Court's holding it accountable as the Plaintiffs' de facto employer is a fact-sensitive question which . . . should not be answered until the Plaintiffs have had some opportunity to conduct discovery on this matter." *Bledsoe*, 258 F. Supp. 2d at 787 (citing *Local 397, Int'l Union of Elec., Elec. Salaried Mach. & Furniture Workers, AFL-CIO v. Midwest Fasteners, Inc.*, 779 F. Supp. 788, 792 (D.N.J. 1992)). While *Bledsoe* was decided before *Twombly* and *Iqbal*, the Court finds that its guidance is still relevant. While a plaintiff must plead sufficient facts to raise a plausible claim, detailed factual allegations are not required, particularly where, as here, the defendants are in control of such information or it is otherwise

4

unavailable to the plaintiffs. *See Kaye v. D'Amato*, No. 05-cv-982, 2008 U.S. Dist. Lexis 104655, *13 (E.D. Wis. Dec. 18, 2008) (noting that "the only way for plaintiff to muster more specific facts . . . would be through the use of discovery—which would always remain unavailable . . . if allegations that could only be proven through discovery were routinely dismissed at the pleading stage").

Under these circumstances, the Court finds that Plaintiffs have alleged sufficient facts to set forth a plausible claim that ComVest is liable as a single employer with Inoveris.

The Court is not persuaded by Defendants' comparison of this case to a non-controlling case from the Southern District of New York, *Vogt v. Greemarine Holding, LLC*, 318 F. Supp. 2d 136 (S.D.N.Y. Jan. 29, 2004). Defendants assert that the *Vogt* court dismissed the plaintiffs' WARN Act claims against certain defendants where the plaintiffs alleged that those defendants (1) owned or controlled a majority of the employer's stock and controlled the employer's corporate transactions, (2) had the same directors, and (3) had the authority and made the decision to effect the relevant layoff. (Defs.' Mem. 4 (citing *Vogt*, 318 F. Supp. at 138).) Defendants misstate the *Vogt* court's holding, however. That court did not dismiss the claims against those defendants who made the decision to effect the layoff. *Vogt*, 318 F. Supp. 2d at 138–139, 145 (describing allegations that certain defendants made the decision to effect the layoff; denying the motion to dismiss against those defendants).

In fact, the *Vogt* court specifically held that allegations that a certain defendant "own[ed] a controlling share in [the employer], that the Management Committee of [that defendant] made decisions resulting in [the employer's] plant closings, and that the Management Committee of [that defendant] was identical to the [employer's] board of directors . . . [are] sufficient to state a claim against [that defendant]." *Vogt*, 318 F. Supp. 2d at 145. While those allegations were slightly more detailed than in this case, this Court does not find them sufficiently distinguishable to require a different outcome.

5

## III. Conclusion

For the reasons discussed above, the Court **DENIES** Defendants' motion to dismiss. (Document 17.)

**IT IS SO ORDERED.**

_11-4-2009_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**