# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**VICKIE PEEBLES on behalf of herself
and on Behalf of a Class Comprised of
Other Similarly Situated Former
Employees of Defendants,**

      **Plaintiffs,**

vs.

Case No. C2-09-053
Judge Edmund A. Sargus, Jr.
Magistrate Judge E.A. Preston Deavers

**INOVERIS, LLC. d/b/a ZOMAX,
    et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This Court previously considered and granted the Joint Motion For Order (1) Granting Class Certification for Purposes of Settlement Only; (2) Appointing Class Representative and Class Counsel; (3) Preliminarily Approving Settlement Agreement; (4) Approving Form and Manner of Notice of Pendency and Settlement Class Action; and (5) scheduling a Final Fairness Hearing for the Final Consideration and Approval of the Settlement submitted by of Plaintiff Vickie Peebles ("Plaintiff"), Defendant Inoveris, LLC d/b/a Zomax ("Inoveris") and Defendant ComVest Investment Partner II, LLC (collectively "Defendants"), by and through their respective counsel of record. This matter came before the Court on April 12, 2010 for a Fairness Hearing. The undersigned presided over the Fairness Hearing by referral from District Judge Edmund A. Sargus, Jr. As set forth more fully on the record, the undersigned **REPORTS AND RECOMMENDS** as follows:

It appearing that due notice has been given to the Class of the proposed Settlement Agreement, of the right to opt-out of the Settlement Class, of the right to object to the proposed Settlement Agreement and of the right to appear in person or by counsel at the fairness hearing;

It appearing that only four (4) class members opted-out of the Class and no objection to the settlement has been filed;[1]

It appearing that no other or further notice is required and the notice given pursuant to this Court's Order is proper and sufficient under the circumstances;

The Court having held a final fairness hearing on April 12, 2010 to consider final approval of the Settlement Agreement; and

After due deliberation and sufficient cause appearing, therefore, the Court **RECOMMENDS** that:

    A.    A class shall be certified, for settlement purposes only, comprised of all persons who worked at or reported to Defendant Inoveris' Dublin, Ohio facility (the "Facility") and were terminated without cause on or about December 6, 2008 through April 3, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), who did not file a timely request to opt-out of the class, and who have not otherwise released their claims (the "Class" or "Class Members"). The Settlement Class has been identified and are listed on Exhibit C to the Settlement Agreement. The Settlement Class is listed on Exhibit 1 to this Order and

---

[1] Settlement class member, Mr. Michael Salrin, attended the Fairness Hearing, but did not object to the settlement. Counsel for Plaintiffs indicated that Mr. Salrin did not wish to be heard but supported the settlement.

the notice to be provided to the Settlement Class is reasonable and appropriate notice under the circumstances . The law firms of Lankenau & Miller LLP and The Gardner Firm, P.C., ("Class Counsel") are appointed, for settlement purposes only, as counsel for the Class.

B. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and final approval of the Settlement Agreement is warranted.

C. The Settlement Agreement should be approved.

D. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT**:

1. The Joint Motion be **GRANTED**.

2. The Settlement Agreement be found fair, reasonable and equitable and be **APPROVED** in all respects.

3. The Settlement Class, as identified above and in Exhibit 1 to this Report and Recommendation, be certified, for settlement purposes only.

4. The Court appoint, for settlement purposes only, the law firms of Lankenau & Miller LLP and The Gardner Firm, P.C., as counsel for the Class.

5. This Court retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to a magistrate judge's recommendations constituted a waiver of [Defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 501 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal.").

**April 12, 2010**            /s/ *Elizabeth A. Preston Deavers*
**DATED**           **ELIZABETH A. PRESTON DEAVERS**
          **UNITED STATES MAGISTRATE JUDGE**